UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSE M. SISLER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2390-SS** |
| **UNITED STATES NAVY** | |

**ORDER**

On September 9, 2011, Rose M. Sisler ("Sisler"), filed a complaint against Ray Mabus, Secretary of the United States Navy, for employment discrimination alleging that: (1) she was employed as a child and youth program assistant at the Naval Air Station; (2) she refused the request of a co-worker for a donation for a Christmas tree for the front office; (3) she reported the incident; (4) in December 2008, she was transferred from Algiers to Belle Chase; and (4) her March 2009 request to leave early because of an earache was denied.  Rec. doc. 1.  The Navy filed a motion to dismiss for lack of jurisdiction.  It contends that Sisler's claims of discrimination were not timely exhausted at the administrative level.  Rec. doc. 10.  The parties consented to proceed before a Magistrate Judge.  Rec. doc. 11.  Sisler filed an opposition.  Rec. doc. 13.

The Navy contends that: (1) Sisler failed to timely exhaust her claims at the administrative level; (2) the Court lacks jurisdiction over her constitutional tort claims as Title VII is the exclusive and preemptive remedy for her claims relative to her federal employment; and (3) she fails to state a claim upon which relief can be granted on the denial of leave claim because it is not an adverse employment action.  Sisler responded that jurisdiction is present based on her claims of discrimination relating to the December 2008 transfer and the March 6, 2009 denial of her leave

request.

Prior to filing a complaint, an aggrieved federal employee must consult with a counselor within 45 days of the act of discrimination. 29 C.F.R. § 1614.105(a)(1). The Navy demonstrates that Sisler did not initiate contact with an EEO counsel until April 23, 2009 or more than 45 days after the alleged discriminatory transfer in December 2008. Because she failed to initiate contact within the prescribed time, she failed to exhaust her administrative remedies.

Title VII is the exclusive remedy for employment discrimination claims raised by federal employees. Jackson v. Widnall, 99 F.3d 710, 716 (5th Cir. 1996). Sisler has not demonstrated any factual distinction between the basis for her Title VII claims and her constitutional claims. The constitutional claims are preempted and do not provide an independent ground for relief.

The Navy demonstrates that, although one person disapproved her request to leave early, another person approved it and she in fact left early. Rec. doc. 10 (Exhibit 1-B at 4). The "denial" by the first person does not present an adverse employment action. Thus, Sisler is not able to establish a *prima facie* case of discrimination.

IT IS ORDERED that the Navy's motion to dismiss (Rec. doc. 10) is GRANTED.

New Orleans, Louisiana, this 10th day of August, 2012.

        **SALLY SHUSHAN**
        **United States Magistrate Judge**